UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.J.<br><br>    Plaintiff,<br><br>v.<br><br>**COLUMBIA AT SYLVAN HILLS, L.P.**<br><br>and<br><br>**COLUMBIA RESIDENTIAL, LLC;**<br><br>and<br><br>**HOUSING AUTHORITY OF THE CITY OF ATLANTA,**<br><br>    Defendants. | **Civil Action No.** |

COMPLAINT

PRELIMINARY STATEMENT

1. D.J. is an indigent individual diagnosed with schizoaffective disorder bipolar type, and PTSD, and is a current recipient of housing subsidies provided by Defendants.

2. Her disability requires her to take medication in order to control the symptoms of her disabilities.

1

3.      D.J. stopped taking her medications in December 2017.  As a result, in April 2018, she became agitated and angry with the management and other tenants. Because of this, on April 6, 2018, management sent her a notification of lease termination due to disruptive behavior.

4.       D.J. requested a reasonable accommodation because her behavior was a result of her disabilities.

5.      Defendants refused this accommodation.

6.      D.J. has since become compliant with taking her medication and participating in therapy. As a result D.J. has not exhibited any disruptive behavior since April 2018.

7.      D.J. currently has an Assertive Community Treatment (ACT) team placement through Georgia Rehabilitation Outreach (GRO).

8.      The ACT team provides supportive services and medical treatments.

9.      One year after the April 2018 incidents, Defendants notified D.J. that they were upholding the termination of her lease because of disruptive behavior.

10.     Because of Defendants' denial of her accommodation requests, D.J is at imminent risk of losing her housing. Defendant's refusal to accommodate D.J. puts her at risk for eviction from her home and loss of her subsidized housing.

## JURISDICTION AND VENUE

11. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331.

12. Declaratory relief is authorized by 28 U.S.C. §§ 2201(a) and 2202 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

13. Venue properly lies with this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### I. Plaintiff.

14. D.J. is a resident of Atlanta, Georgia and lives at Defendants' apartment complex, Sylvan Hills Apartments. She has been diagnosed with mental impairments, schizoaffective disorder, bipolar disorder, and PTSD, which substantially impair her ability to work, concentrate, and interact with others. The Social Security Administration determined she is a person with a disability and awarded her Supplemental Security Income (SSI).

### II. Defendants.

15. Defendant Housing Authority of the City of Atlanta ("AHA") is a public nonprofit authorized under O.C.G.A. § 8-3-30 and a recipient of federal funds from the US Department of Housing and Urban Development (HUD) to provide housing to low-income and very low-income families in the city of Atlanta. AHA entered

into long-term housing assistance agreements with Defendant Columbia at Sylvan Hills, L.P. to provide its subsidized housing where Plaintiff lives. AHA also provides the rules and procedures to which Plaintiff and Defendants Columbia at Sylvan Hills, L.P. and Columbia Residential, LLC are subject.  These rules and procedures include requiring Columbia at Sylvan Hills, L.P. and Columbia Residential, LLC to follow all federal and state laws under the Fair Housing Act, Section 504 of the Rehabilitation Act and the American's with Disabilities Act. AHA's principal office is located in Atlanta, Georgia, and it may be served through its interim Chief Executive Officer, Brandon Riddick-Seals, at 230 John Wesley Dobbs Ave., NE, Atlanta, Georgia 30303.

16.    Defendant Columbia at Sylvan Hills, L.P. is a domestic limited partnership whose principal place of business is located in Fulton County.  Columbia at Sylvan Hills, L.P. has a contract with the AHA to provide subsidized housing to persons, like Plaintiff, who are low-income. Through its contract with the AHA, Columbia at Sylvan Hills, L.P. receives federal funding from HUD.  Columbia at Sylvan Hills, L.P. has its principal office in Atlanta, Georgia, and may be served with process through its registered agent, Noel F. Khalil, 1718 Peachtree St., Suite 684, Atlanta, Georgia, 30309.

17. Defendant Columbia Residential, LLC is a domestic limited liability company whose principal place of business is located in Fulton County. Columbia Residential is the recipient of federal funds through Columbia at Sylvan Hills, L.P. and the AHA to manage subsidized housing where Plaintiff resides. Columbia Residential has its principal office in Atlanta, Georgia, and may be served with process through its registered agent, Noel F. Khalil, 1718 Peachtree St., Suite 684, Atlanta, Georgia, 30309.

## FACTUAL BACKGROUND

### I. Plaintiff's Disabilities and Defendants' Failure to Provide Plaintiff With Reasonable Accommodations.

18. D.J. has been a resident of Sylvan Hills Apartments, located southwest of downtown Atlanta, since March 2013.

19. D.J. is a 49-year-old woman. She is approximately 5 feet 7 inches tall and weighs approximately 120 pounds.

20. Prior to living at Sylvan Hills Apartments, D.J. was homeless.

21. Her current home is the first where she has lived on her own and independently from others in many years.

22. D.J. has been hospitalized many times since her late teens.

23. She has been diagnosed with various mental disorders since she was a teen.

24. D.J. had recently been diagnosed with schizoaffective disorder bipolar type, and PTSD.

25. D.J.'s impairment causes her to have delusions and experience symptoms such as anxiety, paranoia, irritability, and agitation.

26. Her disabilities substantially impair her ability to work, concentrate, and interact with others.

27. As a result of her disabilities, D.J. takes medicine to help control the symptoms of her disabilities.

28. D.J. was enrolled in the HOPE Atlanta Supportive Living program administered by Traveler's Aid when she moved into Sylvan Hills Apartments. Travelers Aid International, Inc., https://www.travelersaid.org/tai-members/hope-atlanta-2/.

29. HOPE's stated mission include a "combination of housing relocation services with home-based, intensive case management" to enable "homeless persons to break the cycle of homelessness." It does not include medical services. HOPE Atlanta, https://hopeatlanta.org/programs/.

30. D.J. met with HOPE staff once a month to discuss her medication compliance and her independent living, and other issues pertaining to her well-being.

31.     On or around December 2017, D.J. stopped taking her medications.

32.     At some point one of her HOPE advisors noticed a difference in her demeanor but didn't follow through on the possible cause.

33.     In April 2018, D.J. had an episode where she was agitated and angry with management and other tenants.

34.     D.J. said things to other tenants that they felt were inappropriate.

35.     On two occasions, D.J. paced back and forth in the parking lot and in front of the management office yelling at staff.

36.     On another occasion, D.J. started yelling at a manager very close to her face.

37.     As a result of these April 2018 incidents, Columbia Residential sent D.J. a proposed lease termination.

38.     D.J. asked for an informal hearing which was held in May 2018.

39.     On May 31, 2018, Columbia Residential sent D.J. notice it was upholding the lease termination.

40.     On September 5, 2018, counsel for D.J. sent counsel for Columbia Residential a formal request for reasonable accommodation as D.J. had started taking her medications and had not had any problems since April 2018.

41.     The parties met two times try to work out a way D.J. could remain in the complex; the most recent was held on January 30, 2019.

42. Columbia Residential advised it would allow her time to engage an ACT team for support and to find other housing (further described in paragraphs 44-46).

43. Columbia Residential cited an incident in July 2018 when they showed up to Defendant's apartment unannounced as a problem and she would not let them in, although no incident report was entered into her tenant file.

44. In March 2019, D.J. contacted Georgia Rehabilitation Outreach (GRO) in order to engage with the Assertive Community Treatment (ACT) Program.

45. GRO provides "community-based specialty behavioral health treatment and supports to men and women in DeKalb and Fulton counties." It began services to reverse an alarming trend of homelessness, hospitalizations, and arrests among persons with serious persistent mental illness. Georgia Rehabilitation Outreach, Inc., https://www.garehaboutreach.org/.

46. The ACT Program is a multidisciplinary team approach that includes "diagnostic assessment, medication management and education, vocational training, employment assistance, social and life skills training, conflict resolution skills training, housing support, etc. These interventions are provided individually and in a group environment 3 – 5 times per week. The teams are accessible 24 hours a day, 365 days a year. Unlike traditional office-based mental health programs, ACT provides time unlimited mobile outreach services in the

communities where the consumers live." Georgia Rehabilitation Outreach, Inc., https://www.garehaboutreach.org/programs/.

47. Prior to participating with the ACT team, D.J. had a doctor through the Peachford Behavioral Health System. He has since moved out of state.

48. Since March 2019, D.J. has met many times with the ACT team and at least three times with her assigned psychiatrist.

49. D.J. is currently prescribed injectable medicines which help her stay compliant.

50. On April 11, 2019, Columbia Residential sent a letter through its counsel to D.J. and her counsel that it would not entertain any further accommodation and terminated the lease effective April 30, 2019, even though there have been no further incidents with Plaintiff for more than a year.

51. On April 22, 2019 counsel for D.J. sent a final request for accommodation asking that her lease not be terminated for the incidents in April 2018, and to allow her to remain in her unit.

52. Counsel for D.J. sent counsel for AHA copies of the requests for reasonable accommodation and the denial.

53. AHA met with Columbia Residential. AHA believes it is not in the position to affect the Columbia Residential's decision to deny D.J. her accommodation request.

54. As a result of Defendants' actions D.J. has suffered anxiety and depression as a result of her very real fear that she will be evicted and homeless.

## CLAIMS FOR RELIEF

### I.  First Claim: Violations of the Fair Housing Act

55. The allegations in preceding paragraphs of this Complaint are incorporated by reference as if set forth in their entirety.

56. Defendants are in the business of renting dwellings as defined in 42 U.S.C. § 3603(c).

57. Plaintiff's apartment is subject to the Fair Housing Act pursuant to 42 U.S.C. § 3603(a).

58. Plaintiff is a person with a handicap as defined by the Fair Housing Act. 42 U.S.C. § 3602(h).

*Denial of Accommodation*

59. The Fair Housing Act prohibits discrimination in the form of "a refusal to make reasonable accommodations in rules, policies, practices, or services, when

such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

60. Plaintiff requested a reasonable accommodation from Defendants when she requested that they withdraw the lease termination, and allow her to remain a resident despite the April 2018 incidents caused by her disability.

61. Plaintiff's request for accommodation was necessary to afford her an opportunity to use and enjoy the apartment.

62. Defendants discriminated against Plaintiff by refusing to grant her requests for reasonable accommodation.

63. As a result of the Defendants' refusal to accommodate her, Plaintiff has suffered emotional damages.

*<u>Defendants denied or made Plaintiff's apartment unavailable and discriminated against Plaintiff in the terms, conditions, or privileges of the apartment because of her disability</u>*

64. The FHA prohibits Defendants from "discriminat[ing] in the sale or rental, or […] otherwise mak[ing] unavailable or deny[ing], a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1).

65. Likewise, the FHA prohibits Defendants from "discriminat[ing] against any person in the terms, conditions, or privileges" of a dwelling. 42 U.S.C. § 3604(f)(2).

66. Defendants' notice of lease violation is an adverse action that made Plaintiff's apartment unavailable or denies Plaintiff the use and enjoyment of her apartment.

67. Defendants' decision is to terminate Plaintiff's lease is based on her disability. Defendants knew she had a disability, they knew she had stopped taking her medications, and they knew that without her medications she could have outbursts such as the ones she had in April 2018.

68. As a result of Defendants' discriminatory acts, Plaintiff has suffered emotional damages.

69. Defendants' reckless disregard and indifference toward the Plaintiff's right to accommodation and discriminatory treatment of Plaintiff warrants the imposition of punitive damages in an amount to be determined at trial.

**II.   Second Claim: Violations of Section 504 of the Rehabilitation Act**

70. The allegations in preceding paragraphs of this Complaint are incorporated by reference as if set forth in their entirety.

71. Defendants are "recipients" who were extended "Federal financial assistance," as defined by Section 504 of the Rehabilitation Act of 1973 and implementing regulations. 45 C.F.R. § 84.3(f), (h), (k); 7 C.F.R. § 15b.3(f), (g).

72. Plaintiff is a "qualified individual with a disability" under and Section 504 of the Rehabilitation Act of 1973, at 29 U.S.C. § 705(9)(B), (20)(B).

73. Section 504 of the Rehabilitation Act prohibits Defendants from excluding Plaintiff from participation in, denying Plaintiff the benefits of, or subjecting Plaintiff to discrimination under its housing program "solely by reason of her disability." 29 U.S.C.A. § 794(a).

74. Plaintiff requested a reasonable accommodation of Defendants' decision that Plaintiff violated the terms of her lease or Defendants' rules.

75. Plaintiff's violation of her lease or Defendants' rules was a manifestation of her disability.

76. Defendants' decision to terminate Plaintiff's lease is based on her disability.

77. Defendants' denial of Plaintiff's request for reasonable accommodation violates Section 504 of the Rehabilitation Act.

78. Defendants' intentional discrimination against Plaintiff because of her disability violates Section 504 of the Rehabilitation Act.

### III. Third Claim: Defendant AHA's Violation of Title II of the Americans with Disabilities Act

*AHA is liable for the discriminatory acts of its housing providers*

79. The allegations in preceding paragraphs of this Complaint are incorporated by reference as if set forth in their entirety.

80. Plaintiff is a "qualified individual with a disability" under the meaning of Title II of the ADA, 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104.

81. The AHA is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1)(A), (B) and 28 C.F.R. § 35.104.

82. Under the ADA a "public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

83. AHA has contracted its authority to provide reasonable accommodations to tenants in its housing program to Defendants Columbia at Sylvan Hills, LP and Columbia Residential, LLC.

84. AHA likewise delegated its authority to provide a grievance process to Defendants Columbia at Sylvan Hills, L.P. and Columbia Residential, LLC.

85. AHA disclaims any ability to overturn Columbia at Sylvan Hills, L.P. and Columbia Residential' s decision to deny Plaintiff's request for a reasonable accommodation or to terminate Plaintiff's lease.

86. AHA does not sanction violations or take reasonable measures to prevent violations of the ADA by Defendants Columbia at Sylvan Hills, L.P. or Columbia Residential.

87. AHA does not enforce its own rules or policies regarding compliance with the ADA.

88. Plaintiff sent a copy of her reasonable accommodation request to AHA after Columbia Residential denied the request.

89. AHA did not overturn Defendants Columbia at Sylvan Hills and Columbia Residential's decision to deny Plaintiff's accommodation and terminate Plaintiff's lease.

90. Regulations interpreting the rights of disabled persons in HUD's programs and under the ADA prohibit AHA from discriminating against individuals with disabilities through contractual, licensing, or other arrangements. 24 C.F.R. § 8.4(b)(1)(v); 28 C.F.R. § 35.130(b)(1).

91. This includes the "[use of] criteria or methods of administration" that "have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability" or "have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities." 28 C.F.R. § § 35.130(b)(3).

92.     AHA is therefore liable for the discriminatory acts of Defendants Columbia at Sylvan Hills, L.P. and Columbia Residential and for its own failure to structure its relationship with its housing providers to ensure their compliance with the ADA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Assume jurisdiction over this matter;

B.      Award Plaintiff compensatory and actual damages, including for the emotional harm she suffered.

C.      Award Plaintiff punitive damages based on Defendants' intentional and reckless behavior toward Plaintiff's rights under the Fair Housing Act.

D.      Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that the Defendants' actions, and failures or refusals to act, violate federal statutes and regulations.

E.      Enter temporary, preliminary and permanent injunctive relief, requiring Defendants to comply with the Fair Housing Act, Americans with Disabilities Act, and Section 504 of the Rehabilitation Act and the implementing federal regulations of those Acts, by:

   1)   Providing Plaintiff with an accommodation of her disability;

    2)    Ceasing discrimination against Plaintiff;

F.    Award Plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 (ADA); and 29 U.S.C. § 794(a) (Section 504); and 42 U.S.C. § 3613(c) (Fair Housing Act).

G.    Order such other, and further, relief as the Court deems equitable and just.

Respectfully submitted, this 16th day of May 2019.

/s/ Anne E. Carder
Anne E. Carder
GA Bar No. 094686
Atlanta Legal Aid Society, Inc.
aecarder@atlantalegalaid.org

Charles R. Bliss
GA Bar No. 063385
crbliss@atlantalegalaid.org

Wingo F. Smith
GA Bar No. 147896
wfsmith@atlantalegalaid.org

Miriam Gutman
GA Bar No. 170768
mgutman@atlantalegalaid.org

Margaret L. Kinnear
GA Bar No. 421799
mlkinnear@atlantalegalaid.org

Attorneys for Plaintiff

**ATLANTA LEGAL AID SOCIETY**
54 Ellis St., NE
Atlanta, GA 30303
Tel. (404) 614-3920
Fax (404) 614-3997

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1**

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

*/s/* Anne E. Carder
Anne E. Carder
GA Bar No. 094686
Atlanta Legal Aid Society, Inc.
aecarder@atlantalegalaid.org
