# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DJ, | ) |
|     Plaintiff, | ) CIVIL ACTION |
| | ) |
| vs. | ) NO. 1:19-cv-02232-MLB |
| | ) |
| COLUMBIA AT SYLVAN HILLS, LP, | ) |
| and | ) |
| COLUMBIA RESIDENTIAL, LLC, | ) |
| and | ) |
| HOUSING AUTHORITY OF THE CITY OF ATLANTA, | ) |
|     Defendants. | ) |

## ANSWER OF DEFENDANT COLUMBIA AT SYLVAN HILLS, LP AND DEFENDANT COLUMBIA RESIDENTIAL, LLC

COME NOW Defendant Columbia at Sylvan Hills, LP and Defendant Columbia Residential, LLC (collectively "Defendants") and file this Answer to Plaintiff's Complaint.

Defendants respond to the individual paragraphs of Plaintiff's Complaint as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.

Defendants admit that Plaintiff requested what Plaintiff purports to be a reasonable accommodation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

5.

Defendants deny the allegations set forth in Paragraph 5 of the Complaint and further show that Plaintiff received several accommodations as the result her request.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.

Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.

Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10.

Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11.

Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.

Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.

Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.

Defendants admit that Plaintiff lives in Defendants' apartment community. Defendants admit that Plaintiff receives SSI benefits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint.

15.

Paragraph 15 requires no response from Defendants.

16.

Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17.

Defendants admit that Defendant Columbia Residential, LLC may be served through its registered agent. Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18.

Defendants admit the allegations set forth in Paragraph 18 of the Complaint.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.

Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29.

Paragraph 29 does not require a response from Defendants.

30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.

Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations set forth in Paragraph 34 of the Complaint to the extent it suggests that this was the extent of Plaintiff's disruptive and threatening behavior.

35.

Defendants deny the allegations set forth in Paragraph 35 of the Complaint to the extent they suggests that this was the extent of Plaintiff's disruptive and threatening behavior.

36.

Defendants deny the allegations set forth in Paragraph 36 of the Complaint to the extent they suggests that this was the extent of Plaintiff's disruptive and threatening behavior.

37.

Defendants admit that Plaintiff was issued a lease termination notice. Defendants deny the remaining allegations set forth in Paragraph 37 of the Complaint.

38.

Defendants admit the allegations set forth in Paragraph 38 of the Complaint.

39.

Defendants admit the allegations set forth in Paragraph 39 of the Complaint.

40.

Defendants admit the allegations set forth in Paragraph 40 of the Complaint.

41.

Defendants deny the allegations set forth in Paragraph 41 of the Complaint as to the stated purpose of the meetings.

42.

Defendants admit the allegations set forth in Paragraph 42 of the Complaint.

43.

Defendants admit the allegations set forth in Paragraph 43 of the Complaint.

44.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.

Paragraph 45 requires no response from Defendants.

46.

Paragraph 46 requires no response from Defendants.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50.

Defendants admits that their counsel sent a letter to Plaintiff on April 11, 2019, the content of which speaks itself. Defendants deny the remaining allegations set forth in Paragraph 50 of the Complaint.

51.

Defendants admit the allegations set forth in Paragraph 51 of the Complaint.

52.

Paragraph 52 requires no response from Defendants.

53.

Defendant deny that AHA met with Columbia Residential as stated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 53 of the Complaint.

54.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55.

Defendants incorporate their responses to the previous paragraphs as if set forth verbatim herein.

56.

Defendants admit the allegations set forth in Paragraph 56 of the Complaint.

57.

Defendants admit the allegations set forth in Paragraph 57 of the Complaint.

58.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.

Paragraph 59 is a statement of law and requires no response from Defendants.

60.

Defendants admit the allegations set forth in Paragraph 60 of the Complaint.

61.

Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.

Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.

Paragraph 64 is a statement of law and requires no response from Defendants.

65.

Paragraph 65 is a statement of law and requires no response from Defendants.

66.

Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.

Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.

Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.

Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.

Defendants incorporate their responses to the previous paragraphs as if set forth verbatim herein.

71.

Defendants admit the allegations set forth in Paragraph 71 of the Complaint.

72.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

73.

Paragraph 73 is a statement of law and requires no response from Defendants.

74.

Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.

Defendants deny the allegations set forth in Paragraph 76 of the Complaint as stated.

77.

Defendants deny the allegations set forth in Paragraph 77 of the Complaint as stated.

78.

Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.

Defendants incorporate their responses to the previous paragraphs as if set forth verbatim herein.

80.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.

Paragraph 81 does not require a response from Defendants.

82.

Paragraph 82 is a statement of law and requires no response from Defendants.

83.

Paragraph 83 does not require a response from Defendants.

84.

Paragraph 84 does not require a response from Defendants.

85.

Paragraph 85 does not require a response from Defendants.

86.

Paragraph 86 does not require a response from Defendants.

87.

Paragraph 87 does not require a response from Defendants.

88.

Paragraph 88 does not require a response from Defendants.

89.

Paragraph 89 does not require a response from Defendants.

90.

Paragraph 90 does not require a response from Defendants.

91.

Paragraph 91 does not require a response from Defendants.

92.

Paragraph 92 does not require a response from Defendants.

93

Defendants deny that Plaintiff is entitled to the relief requested in its Prayer for Relief.

94.

Except as expressly admitted above, all other allegations of Plaintiff's Complaint are denied.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint or the relief requested therein is barred in whole or in part by waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint or the relief requested therein is barred in whole or in part by failure of conditions precedent.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint or the relief requested therein is barred in whole or in part by the doctrine of laches and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint or the relief requested therein is barred in whole or in part by Plaintiff's failure to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for attorneys' fees and/or expenses of litigation.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all loss suffered by the Plaintiffs was the result of her own wrongful acts.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants acted in good faith at all times relevant to the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Any and all rights or remedies in favor of Plaintiffs are barred in whole or in part by the express terms of a written contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for punitive and/or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Defendants having fully answered Plaintiff's Complaint respectfully pray:

1. That judgment be entered in their favor;
2. That Defendants recover their expenses of litigation, including reasonable attorney's fees, in an amount to be determined at trial;
3. That all costs of this action be taxed upon Plaintiff; and
4. That this Court enter an award for such other relief to Defendants as it deems just and appropriate.

Respectfully submitted, this 14th day of June, 2019.

**THE BREEDLOVE LAW FIRM, LLC**

/s/Mario D. Breedlove
Mario D. Breedlove
Georgia Bar No. 079229

Counsel for Defendant Columbia at Sylvan Hills, LP and Defendant Columbia Residential, LLC

One Crown Center
1895 Phoenix Blvd, Suite 260
Atlanta, Georgia  30349
Telephone:  (770) 458-0012
Facsimile:  (770) 458-0014
mbreedlove@breedlovelawfirm.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Mario D. Breedlove
Georgia Bar No. 079229

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing *ANSWER OF DEFENDANT COLUMBIA AT SYLVAN HILLS, LP AND DEFENDANT COLUMBIA RESIDENTIAL, LLC* upon parties to this action by filing the same with the Court's ECF system which will send an electronic copy of this filing to all parties to wit:

> **Anne Carder, Esq.**
> **Charles R. Bliss, Esq.**
> **Wingo F. Smith, Esq.**
> **Miriam Gutman, Esq.**
> **Margaret L. Kinnear, Esq.**
> **Atlanta Legal Aid Society**
> **54 Ellis St., NE**
> **Atlanta, Georgia 30312**

This 14th day of June, 2019.

/s/Mario D. Breedlove
Mario D. Breedlove
Georgia Bar No. 079229