IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.J.,

          Plaintiff,

v.

Columbia at Sylvan Hills, L.P., et al.,

          Defendants.

_____/

Case No. 1:19-cv-02232

Michael L. Brown
United States District Judge

# ORDER

Plaintiff D.J. seeks a preliminary injunction preventing Defendants Columbia at Sylvan Hills, L.P. and Columbia Residential, LLC (collectively, "Columbia Defendants") from evicting her from an apartment she rents in their building. (Dkts. 5; 5-1 at 1.) The Columbia Defendants oppose her motion. (Dkts. 16, 19.) Having considered the evidence and arguments of counsel during two hearings the Court finds (1) Plaintiff is likely to succeed on the merits of her claims; (2) Plaintiff will continue to suffer irreparable injury if the injunction does not issue; (3) the balance of the hardships favors Plaintiff; and (4) issuing the

preliminary injunction against Columbia Defendants serves the public interest. The Court thus grants Plaintiff's requested preliminary injunction.

## I. Background

Plaintiff has been diagnosed with various mental disorders, including schizoaffective disorder bipolar type and PTSD. (Dkts. 3 ¶ 1; 5-3 ¶ 8.) Her mental illness impairs her ability to work and interact with others and allows her to receive disability assistance. (Dkts. 3 ¶ 1; 5-3 ¶¶ 4–5, 9–12.)

Defendant Housing Authority of Atlanta ("AHA") receives federal funds from the U.S. Department of Housing and Urban Development to provide housing to qualifying individuals and families in the City of Atlanta.[1] (Dkt. 3 ¶ 15.) AHA entered into a contract with Defendant Columbia at Sylvan Hills, L.P. to provide assistance for persons with special needs — like Plaintiff — at the residential multifamily project known as Columbia at Sylvan Hills. (Dkts. 3 ¶ 16; 16-1 at 2.) Plaintiff was homeless before she began living there in March 2013. (Dkt. 5-3

---

[1] Plaintiff has not sought preliminary injunctive relief against Defendant Housing AHA. (Dkts. 5-1 at 1; 17 at 1.)

¶¶ 1–2.) Defendant Columbia Residential LLC manages the apartment where Plaintiff lives. (Dkt. 3 ¶ 17.) The agreement between AHA and Defendant Columbia at Sylvan Hills, L.P. requires Columbia at Sylvan Hills, L.P. to comply with all federal and state laws under the Fair Housing Act ("FHA"), Section 504 of the Rehabilitation Act, and the Americans' with Disabilities Act ("ADA"). (Dkts. 3 ¶ 15; 16-1 ¶¶ 6(a), (c)–(d).)

Sometime in December 2017, Plaintiff stopped taking her medications. (Dkts. 3 ¶ 3; 5-3 ¶¶ 9, 14.) In April 2018, she had a manic episode in which she became agitated and angry with building management after they raised her rent slightly. (Dkts. 3 ¶ 3; 5-3 ¶¶ 16–17, 5-5 at 1.) She entered the leasing office at her apartment "in a volatile, frightening, and disruptive manner," yelled at staff members, invaded their personal space, and threatened that they would pay for their behavior. (Dkt. 5-5 at 1.) On either that day or shortly after, Plaintiff also yelled and screamed in the parking lot for over twenty minutes, frightening the residents in her building and resulting in the police conducting a welfare check on her apartment. (*Id.*)

During a hearing, Defendant Columbia at Sylvan played a video of Plaintiff's outburst in the management office. (Dkt. 36.) It was alarming. She stomped around the office yelling at the people working there, speaking in tongues, preaching about god, and sometimes lunging towards the workers or screaming at them just inches from their faces. When she stepped outside, one of the workers locked the office door. Plaintiff repeatedly tried to reenter the office, banging on the window and cursing and screaming at those inside. She scared the workers. A social worker familiar with Plaintiff's treatment and mental illness testified that her outbursts appeared to result from her mental illness. (Dkt. 37 at 38:24–39:10.)

The Columbia Defendants determined Plaintiff breached her lease, notified her of their decision to terminate the lease effective April 13, 2018, and threatened to evict her if she failed to vacate her apartment. (Dkt. 5-5 at 1–2.) Plaintiff's counsel asked them to accommodate her disability by permitting her to remain a tenant. (Dkts. 5-7 at 1; 5-8 at 1.) They held hearings on Plaintiff's reasonable accommodation request and extended the date at which Plaintiff needed to leave but refused to

4

withdraw their notice of termination. They ordered her to leave by April 30, 2019. (Dkts. 5-6 at 1; 5-8 at 2.)

Plaintiff sued the Columbia Defendants for allegedly violating the FHA, Section 504 of the Rehabilitation Act, and Title II of the ADA. (Dkt. 3.) Plaintiff moved for a preliminary injunction to stop the Columbia Defendants from evicting her. (Dkt. 5.) The Court conducted a proceeding on Plaintiff's motion and granted Plaintiff a fourteen-day temporary restraining order preventing Columbia Defendants from terminating her lease and evicting her. (Dkts. 20, 22, 25.) The Court ordered supplemental briefing and then held an evidentiary hearing to determine whether to convert the temporary restraining order into a preliminary injunction. (Dkts. 35, 37.) The evidence presented established that Plaintiff's aggressive and disruptive behavior in April 2018 resulted from her mental disability and her failure to take certain medically necessary medications. (*See* Dkt. 37 at 22:9–16.) The Columbia Defendants also presented no evidence of similar outbursts

5

and disruptive behavior either in the nearly five years before the April 2018 incident or in the nearly year and a half since then.[2]

## II.   Standard of Review

A plaintiff is entitled to preliminary injunctive relief if she shows that (1) she has a substantial likelihood of success on the merits; (2) she is likely to suffer irreparable injury without preliminary injunctive relief; (3) the balance of the equities tips in her favor; and (4) issuing the injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citing *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

---

[2] The social worker testified that Plaintiff had become disruptive and combative with her staff several times. (*See* Dkt. 37 at 37:24-30:18.) But, no evidence suggests her conduct on those occasions disrupted other tenants, scared employees, or reached the extent of the April 2018 incident. And, importantly, the Columbia Defendants do not rely on these other incidents to either terminate her lease or refuse the requested accommodation as unreasonable.

### III. Discussion

Plaintiff has sufficiently shown each of the four requisite elements and is entitled to injunctive relief.

### A.   Likelihood of Success on the Merits

Under 24 C.F.R. § 247, Plaintiff's tenancy may be terminated if she materially violates a rental agreement or engages in criminal activity. *See* 27 C.F.R. § 247.3(a)(1)(2). There is no evidence Plaintiff committed a crime. And the parties have not provided her rental agreement. In its letter terminating the lease, however, the Columbia Defendants claimed Plaintiff violated a lease provision stating:

> **DISTURBANCES** – Resident agrees not to cause or allow occupants or guests to cause any improper or disturbing noises, disturbances or odors in the building or in the common areas at any, or to sing, play any musical instrument or car audio system, dance or to play any radio, stereo, television or other audio equipment in a manner or at a time which could be objectionable to other residents. . . . **Disturbances or other activity that results in police intervention shall constitute a breach of the lease agreement.**

(Dkt. 1-11 at 1.) After Plaintiff caused the incident in April 2018, the apartment complex staff called the Atlanta Police Department and filed a report. (Dkts. 5-5 at 1; 29-1 at 6, 9.)

7

Plaintiff does not challenge the Columbia Defendants' assertion that she violated her lease. She seeks an an accommodation based on her disability, specifically the ability to remain in her lease while obtaining more rigorous mental health treatment to prevent another outburst. Plaintiff claims the Defendants' refusal to allow this accommodation violates the FHA, Section 504 of the Rehabilitation Act, and Title II of the ADA.

### 1. Plaintiff's FHA Claims

The FHA makes it "unlawful to discriminate in the rental of, or to otherwise make unavailable or deny, a dwelling because of a disability of the renter or a person associated with the renter." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016) (citing 42 U.S.C. § 3604(f)(1)(A)). Discrimination under § 3604(f) includes a "refus[al] to make reasonable accommodations when necessary to afford the person equal opportunity to use and enjoy a dwelling." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014) (citing § 3604(f)(3)(B)). The FHA, however, does not require "that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals." § 3604(f)(9).

To prevail on her failure-to-accommodate claim, Plaintiff must prove: (1) she is disabled under the FHA; (2) she requested a reasonable accommodation; (3) the requested accommodation was necessary to allow her to use and enjoy her dwelling; and (4) the defendants refused to make the accommodation. *See Hunt*, 814 F.3d at 1225. "A person has a disability under the FHA if, among other things, [s]he has 'a physical or mental impairment which substantially limits one or more of [her] major life activities.'" *Bhogaita*, 765 F.3d at 1287 (quoting 42 U.S.C. § 3602(h)).

Defendants admit Plaintiff has a disability. (Dkts. 5-3 ¶ 8; 28-1 at 47:25–48:4.) They do not dispute Plaintiff's claim that her behavior in April 2018 resulted from her disability and her failure to take medications necessary to treat her disability. Erika Parks, the Director of Permanent Supportive Housing at HOPE Atlanta and someone familiar with Plaintiff's mental health, testified that she had seen the video of Plaintiff's outburst in the office of the apartment building and recognized Plaintiff's conduct as the result of her failure to take necessary medications. (Dkt. 37 at 38:24–39:10.) Finally, Columbia Defendants admit Plaintiff sought an accommodation necessary to allow her to use and enjoy her dwelling and they refused that request. (Dkts. 5-4 ¶¶ 6,

9

11–12, 14–15; 5-7 at 1; 5-8 at 1–2; 5-9 at 1–2.)  The only issue — at least for today — is whether the accommodation Plaintiff sought was reasonable.

"Whether a requested accommodation is required by law is 'highly fact-specific, requiring case-by-case determination.'"  *Loren v. Sasser*, 309 F.3d 1296, 1302 (11th Cir. 2002) (quoting *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1044 (6th Cir. 2001)).  "An accommodation is not reasonable if it imposes undue financial and administrative burdens on the defendant or 'requires a fundamental alteration in the nature of the program.'"  *Cohen v. Monroe Cty.*, 749 F. App'x 855, 857 (11th Cir. 2018) (quoting *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1220 (11th Cir. 2008)).

Columbia Defendants do not explicitly argue that Plaintiff's request is unreasonable for either of these reasons.  They argue instead that Plaintiff has not shown that her "dangerous, threatening and disruptive behavior . . . will not repeat itself" and that "Plaintiff requires living arrangements and supportive services of a higher level of care than is available at Defendants' property."  (Dkts. 19 at 9; 29 at 5.)

The behavior Plaintiff exhibited in the two incidents in April 2018 was disruptive and serious. (Dkts. 29-1 at 2–3, 5–6; 29-2 at 2; 29-3 at 3; 36.) But Columbia Defendants have failed to provide evidence showing that the direct threat exemption should apply here. Nor is Plaintiff's accommodation request unreasonable.

After the April 2018 incident Plaintiff changed her mental health treatment. She began receiving treatment from psychologists, psychiatrists, nurses, and other health care professionals in the community where she resides at least three times a week through Georgia Rehabilitation Outreach's ("GRO") Assistive Community Treatment program ("ACT").[3] (Dkt. 28-1 at 43:10–45:7.) Her medical team monitors her to make sure she takes her medications. (*Id*. at 45:24–

---

[3] In her declaration, Erika Parks, Director of Permanent Supportive Housing at HOPE Atlanta and someone who has been involved in Plaintiff's treatment for years opined that Plaintiff "requires living arrangements and supportive services of a higher level of care than is available through HOPE Atlanta and Sylvan Hills." (Dkt. 29-3 ¶¶ 2, 9.) At the July 17, 2019, hearing Ms. Parks testified that Plaintiff could not obtain sufficient treatment at Sylvan Hills Apartments because she requires clinical treatment on site. (Dkt. 37 at 34:18–36:20, 39:17–40:7.) Ms. Parks, however, had not examined Plaintiff since she began receiving ACT team treatment and could not say this new treatment process cannot allow Plaintiff to remain at Sylvan Hills. (Dkt. 37 at 33:10–16, 36:23–37:15; 39:17–40:4.)

11

46:15.) Nurses administer some medications through injections and check to see that she is taking her oral medications. (*Id.* at 54:25–55:13.) Dorothy Adike, a worker at ACT who meets with Plaintiff at least once a week, testified that the ACT medical providers have seen great improvement in Plaintiff's behavior and symptoms. (*Id.* at 42:5–21, 48:5–49:16.) The primary purpose of this new treatment plan and increased monitoring is to ensure Plaintiff remains on the medicine she needs to maintain her good behavior.

Plaintiff has lived in her apartment at Sylvan Hills for about five years before the incident, showing that her behavior is not chronic. She also has lived there for more than a year since the incident without a reoccurrence, again showing her behavior is not chronic and responds to medical care. Her continued residence without incident also supports a finding that her requested accommodation has abated the risk she poses to others without causing undue burden to Columbia Defendants.

Courts have found "second chance" accommodations — that is, a tenant's opportunity to remain in her dwelling despite the landlord's disability-neutral justification for eviction — reasonable in similar cases where the disabled individual immediately obtained treatment and

12

caused no further incidents after a medication adjustment. *See Super v. J. D'Amelia & Assocs., LLC*, No. 3:09cv831 (SRU), 2010 WL 3926887, at \*6–8 (D. Conn. Sept. 30, 2010) (finding plaintiff alleged sufficient facts to "support a finding that her request to continue receiving Section 8 benefits while she sought court-ordered psychiatric care was a reasonable accommodation"); *see also Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 342 (E.D.N.Y. 2012) (granting preliminary injunction to mentally disabled plaintiff who attacked another tenant and later proposed a reasonable accommodation of a probationary period to show that adjustments to her medication would prevent her from constituting a threat to her neighbors' safety). On the other hand, Courts have refused such accommodations as unreasonable when evidence shows the proposed corrective action will not abate the misbehavior. *See Groner*, 250 F.3d at 1045 (holding accommodation not reasonable when passage of time showed corrective action insufficient to prevent tenant from disturbing other tenants with loud outbursts); *see also Andover Housing Auth. v. Shkolnik*, 443 Mass. 300, 301 (Mass. 2005) (holding accommodation unreasonable when evidence showed tenant unwilling or unable to cure noise problem).

13

This case is like the former and unlike the latter. Plaintiff's track record of years before the April 2018 outburst, her increased mental health treatment, and her lack of any recurrence since, show that the accommodation she seeks is reasonable. Plaintiff has shown a likelihood of success on the merits of her claim under the FHA to obtain preliminary injunctive relief.

### 2. Plaintiff's ADA and Section 504 of the Rehabilitation Act Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a claim of disability discrimination under Title II of the ADA, a plaintiff must establish "(1) that [s]he is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of [her] disability." *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). Except for the

14

Rehabilitation Act's federal funding requirement, "[d]iscrimination claims under the ADA and the Rehabilitation Act are governed by the same standards, and the two claims are generally discussed together." *J.S., III ex rel J.S. Jr. v. Houston Cty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017) (citing *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000)).  A failure to provide reasonable accommodations is a distinct, actionable theory of discrimination under the ADA and the Rehabilitation Act.  *See Schwarz*, 544 F.3d at 1212 n.6.

It is undisputed that Plaintiff is a qualified individual with a disability.  Plaintiff asserts and Columbia Defendants have not disputed that they are public entities as defined under the ADA that receive federal funding from the Department of Housing and Urban Development to provide subsidized housing to low-income individuals.  *See* 42 U.S.C. § 12131(1)(B); 7 C.F.R. §§ 15b.3(f)–(g).  It is also undisputed that Columbia Defendants seek to terminate Plaintiff's tenancy and deny her services, programs, and activities available in the apartment complex.  Columbia Defendants also sought to exclude Plaintiff and deny her benefits because of the behavior she displayed in April 2018 because she did not take her medications.

As explained before, Plaintiff has presented evidence that she proposed a reasonable accommodation and that Columbia Defendants have refused to permit it. The Court finds that Plaintiff has shown a likelihood of success on the merits of her claims under the ADA and Rehabilitation Act for obtaining preliminary injunctive relief.

### B.   Irreparable Harm

Plaintiff faces a threat of eviction from her housing that would likely result in homelessness and deterioration of her mental health. (*See* Dkt. 28-1 at 49:9–25.) Courts have found that the "threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for preliminary injunctive relief." *See Sinisgallo*, 865 F. Supp. 2d at 328; *see also Chastain v. Nw. Ga. Hous. Auth.*, No. 4:11-CV-0088-HLM, 2011 WL 5979428, at *12 (N.D. Ga. Apr. 28, 2011) (holding threat of eviction, homelessness, and worsening of already bad health constitute a threat of irreparable injury). This Court agrees.

### C.   Balance of the Equities

The Columbia Defendants argue they face potential premises liability and "other claims" if Plaintiff fails to take her medication and

injures someone of their property. She has lived there for six years without harming anyone. In fact, while she threatened and intimidated the office workers during the April 2018 event, she hurt no one. On the other hand, Plaintiff will likely to suffer irreparable injury, including eviction and homelessness, without an injunction. The balance of equities tip in her favor.

### D. The Public Interest

Through the FHA, ADA, and Rehabilitation Act, Congress has declared that it is in the public interest to allow individuals with disabilities to live on an equal footing with the non-disabled. It is not against the public interest to enjoin discrimination against individuals with disabilities.

## IV. Conclusion

The Court **GRANTS** Plaintiff's Motion for Preliminary Injunction (Dkt. 5). Under Federal Rule of Civil Procedure 65, and pending the final hearing and determination of this action, the Court **ENJOINS** and **RESTRAINS** Defendants Columbia at Sylvan Hills, L.P. and Columbia Residential, LLC from pursuing a lease termination or eviction against Plaintiff. The Court **ORDERS** that any violation of the term(s) of this

order will be punishable by contempt and other appropriate relief that this Court finds just and proper.

**SO ORDERED** this 25th day of July, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE